UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHN KNOX                                                                                    PETITIONER

VERSUS                                              CIVIL ACTION NO. 5:10CV193-DCB-RHW

BRUCE PEARSON                                                                                  DEFENDANT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Petitioner John Knox's 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the calculation of his sentence. Knox argues that he should have received 28 months of credit towards his federal sentence for time spent after he was transferred from state into federal custody on a federal arrest warrant and indictment. The transfer occurred because Knox had federal drug charges pending against him. Knox asserts that he should receive credit for time served because he was placed into federal custody pursuant to an arrest warrant rather than a writ of habeas corpus ad prosequendum. Respondent counters that during the disputed time period, Knox was placed temporarily into federal custody pursuant to a writ of habeas corpus ad prosequendum and that the time was credited towards Knox's state sentence.

Knox is incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, where he is serving a 144-month sentence. Beginning December 10, 2003, Knox was in state custody pursuant to a probation violation. On December 19, 2003 the state court sentenced Knox to a three-year term of imprisonment for probation violations and a consecutive three-year sentence for being a felon in possession of a firearm. Thus, he received in total a six-year prison term from the state court.

On May 21, 2004, the United States District Court for the Western District of Tennessee entered a writ of habeas corpus ad prosequendum for Knox. On May 26, 2004, Knox was

transferred from the Tennessee Department of Corrections to the United States Marshals Service pursuant to the writ. On March 28, 2006, the United States District Court sentenced Knox to a term of 144-months in prison for possession of cocaine base with intent to distribute. On July 21, 2006, Knox was returned to the custody of the Tennessee Department of Corrections to serve the balance of his state sentence. The writ of habeas corpus ad prosequendum was filed as executed on July 24, 2006. Knox was released from custody of the state on September 26, 2006, into the custody of the U.S. Marshals Service in order to complete his federal sentence.

## Law and Analysis

With respect to sentencing credit, 18 U.S.C. § 3585(b) provides that

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against any other sentence.

In interpreting § 3585(b), the Supreme Court held that it was not the legislative intent for a defendant to receive double credit for his detention time. *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003); *Blood v. Bledsoe*, 648 F.3d 203, 209 (6th Cir. 2011). Moreover, when a prisoner is in primary state custody and taken on writ into federal custody to answer federal charges, he is not entitled to have that time credited against his federal sentence. *See Chaplin v. United States*, 451 F.2d 179, 181 (5th Cir. 1971); *Howard v.*

*United States*, 420 F.2d 478, 480 (5th Cir. 1970).

Knox contends that he is entitled to credit for the time period of May 26, 2004 (when he was transferred to federal custody), until September 25, 2006 (when he was released from state custody). The record demonstrates that Knox received credit towards his state sentence for the disputed time period. *See* Response, Exhs. 2 & 5. To count this interval towards his federal sentence would amount to double counting and would be contrary to the express terms of § 3585(b) as well as controlling Fifth Circuit and Supreme Court precedence.

Knox attempts to distinguish his transfer to federal custody by arguing that it was pursuant to an arrest warrant rather than a writ of habeas corpus ad prosequendum. His argument is not supported by the record. Respondent has submitted a copy of the application for writ of habeas corpus ad prosequendum for Knox to appear in U.S. District Court on May 26, 2004. *See* Response, Exh. 6. U.S. Magistrate Judge S. Thomas Anderson signed and entered the writ on May 21, 2004. *Id.* The docket sheet from the underlying criminal case confirms that on May 21, 2004, Judge Anderson ordered the issuance of a petition for writ of habeas corpus ad prosequendum. *See* Petition, Exh. F at [4] ("ORDER WHCAP issued for John Knox ..."). Respondent also has attached a copy of the executed writ, dated July 21, 2006, which corresponds with the date that Knox was returned to state custody. *See* Response, Exh. 8. Knox received credit against his state sentence from May 26, 2004, to July 21, 2006. Thus the record demonstrates that Knox was transferred temporarily into federal custody pursuant to a signed and executed writ of habeas corpus ad prosequendum and that he received credit towards his state sentence during this interval. *See Causey v. Civilette*, 621 F.2d 691, 693 (5th Cir. 1980); *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000). The undersigned sees no inconsistency in federal

3

authorities executing both an arrest warrant (directed against Knox) and securing a writ of habeas corpus ad prosequendum (directing the state to surrender custody of Knox to federal authorities). To the extent that Knox argues there were no state charges "pending" during his time in temporary federal custody, his argument is misplaced. Knox was already serving a state-imposed sentence during the time he was in federal custody pursuant to the writ of habeas corpus ad prosequendum.

Knox also contends that he should receive credit through September 25, 2006, the date that he was transferred from state custody into federal custody to serve his federal sentence. The record demonstrates that Knox was in state custody from July 21, 2006, through September 25, 2006. Knox does not appear to dispute that he was in the custody of the Tennessee Department of Corrections during this time, but he merely argues that because official federal custody was "activated" on May 24, 2004, all time served from that date should count towards his federal sentence. Thus, he asserts that even the portion of his sentence served solely in state custody from July 21, 2006, through September 25, 2006, should count towards his federal sentence. Again, Knox's contention is contrary to the express terms of § 3585(b) and controlling Fifth Circuit and Supreme Court precedence, which preclude double counting of time spent in custody.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Knox's 28 U.S.C. § 2241 petition be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless

the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 3rd day of April, 2012.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE